UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
WENDY GENNIMI, JAY AND CAROL DURANTE,
PETER MANBECK, GEOFFREY SHAW,
DANIEL PRITCHARD, MARY CLARK,
DAVID OLTMAN, and
DAVID & LYNN GUTERMUTH

          Plaintiffs,        : Civil Action No.:

     v.                **05 cv 4576**
                        Honorable George Yanthis

TOWN OF LEWISBORO,  et al.,       :
                 Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**PLAINTIFFS' MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS TOWN'S[1]
MOTION TO STRIKE**



Date: November 2, 2007


Alexandra T. Manbeck
AM 9685
P.O. Box 449
Cross River, N.Y. 10518
(914) 763-2426
Attorney for Plaintiffs


Robert I. Goodman
RG 6697
6 Legendary Circle
Rye Brook, N.Y. 10573
(914) 935-0015
Attorney for Plaintiff Wendy Gennimi

---

[1]Include all defendants except as to defendants Jay Fain and Fain & Associates

TABLE OF AUTHORITIES

*Abu-Nassar v. Elders Futures, Inc.*, 1994 WL 445638 (S.D.N.Y. 1994)　　　5

*Atkins v. County of Orange*, 372 F.Supp.2d 377 (S.D.N.Y. 2005)　　　9

*American Medical Ass'n v. United Healthcare Corp.*, Slip Copy, 2006 WL 3833440
S.D.N.Y.,2006 (December 29, 2006)　　　4

*Babcock v. Rezak*, 96 CV 0394, 2002 WL 31654995 (W.D.N.Y. 2002)　　　12

*Barry v. Liddle, O'Connor, Finkelstein & Robinson*, 98 F.3d 36 (2d Cir. 1996)　　　23

*Brown v. Board of Trustees*, 392 F.Supp.2d 434, 446 (E.D.N.Y. 2005)　　　7

*Cianciosi v. Home Depot U.S.A.*, 199 F.3d 1321(2d Cir. 1999)　　　22

*Donna L. McGullam v. Cedar Graphics, Inc.*, No. 04-CV-2891,
2006 WL 1662651 (E.D.N.Y. 2006)　　　4

*Giannullo v. City of New York*, 322 F.3d 139 (2d Cir. 2003)　　　5

*Farook v. Bailey*, No. 05 Civ. 3785, 2007 WL 2076764 (S.D.N.Y. 2007)　　　19

*Forum Ins. Co. v. Keller*, No. 91 Civ. 4528, 1992 WL 297580, at *2
(S.D.N.Y. Oct. 8, 1992)　　　6

*Frank v. United States*, 78 F.3d 815, 833 (2d Cir.1996)　　　22

*Goenaga v. March of Dimes*, 51 F.3d 14, 18 (2d Cir.1995).　　　20

*Hobbs v. County of Westchester* 397 F.3d 133, 146 (2d Cir.2005)　　　7

*Housing Works, Inc. v. Turner*, No. 00 CIV 1122, 2003 WL 22096475 (S.D.N.Y. 2003)　7

*Kane v. Douglas, Elliman, Hollyday & Ives*, 635 F.2d 141, 142 (2d Cir. 1980)　　　2

*King v. Morris*, No. 86 Civ. 2829, 1991 WL 4462, at *2 (S.D.N.Y. 1991)　　　5

*Kochisarli v. Tenoso*, No. 02-CV-4320, 2006 WL 721509 (E.D.N.Y. 2006)　　　5

*LeBoeuf, Lamb, Green & MacRae, LLP v. Worsham*, 185 F.3d 61, 65-66 (2d Cir.1999)　20

*Lore v. City of Syracuse*, No. 05-CV-1833, 2005 WL 3095506 (N.D.N.Y. 2005)          3, 10

<u>Mary Clark v. Town of Lewisboro</u>, Index No. 00-8944 (Westchester Ct 2002)          17

*McConnell v. Costigan*, 00CIV4598, 2002 WL 313528 (S.D.N.Y. 2002)          5

*MCI LLC v. Rutgers Cas. Ins. Co*, 06 cv 4412, 2007 WL 2325867 (S.D.N.Y. 2007)          22

<u>Medina v. Wal-Mart Stores, Inc</u>, 945 F.Supp. 519 (W.D.N.Y.1996)          3

<u>Mina Investment Holdings Ltd. v. Lefkowitz</u>, 184 F.R.D. 245 (S.D.N.Y.,1999)          3

*Mordechai v. St. Luke's-Roosevelt Hosp. Ctr. Et al.,* No. 99 Civ. 3000,          6
2001 WL 699062, at *1(S.D.N.Y. June 21, 2001)

*NAS Electronics, Inc. V. Transtech Electronics PTE LTD*, 262 F.Supp.2d 134
(S.D.N.Y. 2003)          4

*NLRB v. Star Color Plate Serv., Div. of Einhorn Enterprises, Inc.*, 84 F.2d 1507, 1510 n. 3 (2d Cir.)
          23

 *Patterson v. County of Oneida, N.Y.,* 375 F.3d 206, 219 (2d Cir.2004)          20

*Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd.*,          4
422 F.3d 72 (2d Cir. 2005)

*Rand-Whitney Containerboard v. Town of Montville*, 289 F.Supp.2d 62, 85
(D.Conn. 2003)          7

*Robert v. Texaco*, 979 F.Supp. 185 (S.D.N.Y. 1997)          3

*Rouson v. Eicoff*, Slip Copy, 2007 WL 1827422 (E.D.N.Y.,2007)          16

*Salumbides v. United States,* No. 05 Civ. 7847(RMB), 2007 WL 430425          23

*Sykes v. James*, 13 F.3d 515 (2d Cir.1993)          20

*Silivanch v. Celebrity Cruises, Inc*., No. 95 Civ 0374, 2000 WL 1585076 (S.D.N.Y. 2000) 8

*Smith v. City of New York*, 611 F.Supp. 1080, 1097 (D.C.N.Y. 1985)          11

*Summer v. McCall*, 103 F.Supp.2d 555, 559 (N.D.N.Y. 2000)          6, 8

*Tokio Marine and Fire Ins. Co., Ltd. v. Federal Marine Terminal, Inc*.,          20
397 F.Supp.2d 530 (S.D.N.Y. 2005).

*Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 100 (S.D.N.Y. 1997)    9

*United States v. Gigante,* 39 F.3d 42, 50 n. 2 (2d Cir.1994)    23

*Wechsler v. Hunt Health System,* 198 F.Supp.2d 508 (S.D.N.Y. 2002)    10

*Weinberg v. City of Chicago,* 310 F.3d 1029, 1042 (7th Cir.2002).    7, 19

## STATUTES AND REGULATIONS

28 U.S.C. § 1746    20
Rule 5(b)(2)(B), (C), or (D)    3

FRCP Rule 6    1, 2

FRCP Rule 15    4

FRCP Rule 26(e)(3)    1

FRCP Rule 56    1

Local Rule 7.2    1

Local Rule 37.2    1

## PRELIMINARY STATEMENT

Plaintiffs respectfully submit this memorandum of law in opposition to the defendants' Motion to strike (Dckt. No. 209). At the outset, defendants' motion is in reality a smokescreen to cover up their failure to raise the immunity defense and other claims in their opening brief. Worse, defendants' motion was filed in derogation of numerous rules of the Federal Rules of Civil Procedure, including Local Rule 7.2, Local Rule 37.2's meet and confer requirements, Rule 26(e)(3)'s three-months-before-trial-deadline for disclosing expert witnesses, Rule 56(e) and Rule 6 for filing and service. Indeed, even though Local Rule 7.2 requires defendants to specify the rules or statutes upon which the motion is predicated, defendants submitted a purported motion to strike that involves seven different topics, without specifying which rule governs which topic in contravention of Local Rule 7.2. Defendants' pattern of disregard for the Rules of Civil Procedure is manifest throughout their purported memorandum of law which is *de minimis* and contains little, if no law at all, and which raises specious issues which defendants manufactured in order to deflect attention from their failure to assert numerous defenses and claims, and their realization that they could no longer assert those same claims in their Reply brief.

## I - DEFENDANTS MADE FRIVOLOUS ARGUMENTS CONCERNING PLAINTIFFS' OPPOSITION TO THEIR INCOMPLETE MOTION FOR SUMMARY JUDGMENT

To make up for their complete failure to assert  the immunity defense and other claims in their opening brief in support of summary judgment (Dkt #142), defendants sought to strike plaintiffs' opposition  (Dkt#151) by raising the frivolous argument that plaintiffs' opposition was filed and served

1

"untimely" on September 29, 2007, which falls on a Saturday.

Although this Court issued an order on May 31, 2007, that the parties' responses were due on September 28, 2007, which is a Friday, Rule 6 of the Federal Rules of Civil Procedure allows plaintiffs to file their opposition by September 30, 2007 and serve it by October 1, 2007 . Since the Plaintiffs' opposition briefs were filed and  served on September 29, 2007 (Dkt # 151, 162), they were timely.

**A- Filing date**

Fed.R.Civ. P. 6 (a) governs the computation of the filing dates for all documents as follows:

**(a) Computation.** In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and in Rule 77(c), "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held.

Rule 6(a). Under Local Rule 6.4, "[i]n computing any period of time prescribed or allowed by the Local Civil Rules ... the provisions of Federal Rules of Civil Procedure 6(a) and 6(e) shall apply unless otherwise stated." Rule 6(a) of the Federal Rules of Civil Procedure provides that "the day of the act, event, or default from which the designated period of time begins to run shall not be included." The Rule continues that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."  Accordingly, the filing date of September 29, 2007 is timely pursuant to Rule 6(a) since it is a Saturday and is excluded from the computation. *See Kane v. Douglas, Elliman, Hollyday & Ives*, 635 F.2d 141, 142 (2d Cir. 1980)

((finding that Rule 6(a) applies in determining whether action filed timely pursuant to Title VII); *Accord*, Medina v. Wal-Mart Stores, Inc., 945 F.Supp. 519 (W.D.N.Y.1996); Mina Investment Holdings Ltd. v. Lefkowitz, 184 F.R.D. 245 (S.D.N.Y.,1999); *Lore v. City of Syracuse*, No. 05-CV-1833, 2005 WL 3095506 (N.D.N.Y. 2005) (attached herein as Exhibit PS-7).

**B- Service is timely pursuant to Rule 6(e)**

Furthermore, Rule 6(e) states as follows:

**(e) Additional Time After Certain Kinds of Service.** Whenever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire under subdivision (a).

In this case, as discussed *supra*, the Court ordered that plaintiffs' opposition be filed on September 28, 2007 and that defendants' Reply be filed on October 9, 2007. Accordingly, since the "period of time prescribed or allowed" between the filing date of the opposition brief and the reply is only ten days and thus is "less than 11 days," the "intermediate Saturday [September 29, 2007] and Sunday [September 30, 2007] ... shall be excluded in the computation." Rule 6(a).

Furthermore, since Local Rule 6.4 dictates that FRCP Rule 6(e) applies, plaintiffs have an additional three days from September 28, 2007 to serve. *See, e.g., Robert v. Texaco*, 979 F.Supp. 185 (S.D.N.Y. 1997). In *Robert v. Texaco*, which involves the 10-day period for objecting to a Magistrate Judge's Report and Recommendations, the district court states as follows:

Pursuant to FRCP Rule 53, the parties who appeared before the Special Master shall have ten (10) days, plus an additional three (3) days, pursuant to FRCP Rule 6(e), or a total of **thirteen** (13) working days (see FRCP Rule 6(a)) from the date hereof, to file written objections to this Report. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of The Honorable Charles L. Brieant, U.S.D.J., at the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601.

*Id*. Defendants were actually served by Electronic Court Filing on the same date that the plaintiffs'

3

opposition brief was filed, September 29, 2007. Accordingly, service was timely. *Donna L. McGullam v. Cedar Graphics, Inc*., No. 04-CV-2891, 2006 WL 1662651 (E.D.N.Y. 2006) (exhibit PS-5).

## C. Defendants' claim has no support in law or fact

In support of their frivolous motion to strike, defendants failed to mention even Fed. R. Civ. P. Rule 6 or cite any relevant case law. The only case they mentioned concern FRCP Rule 15 and involves a party's two-year delay in amending a complaint and a **one-month** delay in filing their motion for summary judgment and their failure to include a Rule 56.1 Statement of Material Facts. *NAS Electronics, Inc. V. Transtech Electronics PTE LTD*, 262 F.Supp. 2d 134 (S.D.N.Y. 2003). *NAS Electronics*[2] is simply  irrelevant and inapplicable to this case involving a Saturday filing date of plaintiffs' opposition brief, at worst a **one-day** delay. Even assuming *arguendo* that such filing is one-day  "late", defendants failed to show that they were "unfairly prejudiced in any meaningful way" by the Saturday filing of plaintiffs' opposition papers. *Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd.*, 422 F.3d 72 (2d Cir. 2005). In *Phoenix Global Ventures*, the Second Circuit held that the district court was justified in accepting plaintiffs' motion insofar as defendants did not establish any prejudice resulting from the one-day late filing, as follows:

While Gulino [plaintiff's attorney] may have been unwise to wait until the last day to file via an unfamiliar ECF system,, he was within his rights to do so. [Defendants] Associates have never identified any prejudice arising from the one-day delay in their receipt of the remand motion. The district court was well within its discretion to determine that holding [plaintiff] Ventures to the technical ECF system

---

[2]*See, e.g., American Medical Ass'n v. United Healthcare Corp*., Slip Copy, 2006 WL 3833440 S.D.N.Y.,2006 (December 29, 2006) ("The Court is persuaded that the basis for Plaintiffs' Proposed Amendments was formed, at least in part, during Stage One discovery and finds this a satisfactory explanation for the delay in the filing of the Proposed Amendments" pursuant to Rule 15(a)),  *quoting Kane v. Douglas, Elliman, Hollyday & Ives*, 635 F.2d 141 (2d Cir. 1980).

4

requirements would have worked an injustice.   *See* **_Somlyo_, 932 F.2d at 1049** ("[I]t is the business of the district court to determine whether fairness demands that noncompliance be excused.").

 Id., 422 F.3d at 76.  *See Abu-Nassar v. Elders Futures, Inc*., 1994 WL 445638 (S.D.N.Y. 1994) (Local Rule 3(g) does not create a *per se* bar to the consideration of an untimely 3(g) statement) (attached herein as Exhibit PS-1). The 4-hour delay was, as described in the Affidavit of Plaintiffs' Attorney (Dkt. No. 216) (also annexed as Exhibit PS-15), caused by (a)  the defendants' filing of over 300 statements of material facts, almost all of which were actually disputed facts, conjectures or legal interpretations of the facts and the law, and which required plaintiffs' attorney to spend inordinate amounts of time rebutting each statement one-by-one to comply with the requirements of Local Rule 56.1; and (b) the difficulties that the plaintiffs' attorney encountered with  the Southern District's electronic case filing system ("ECF system") which repeatedly rejected the initial filings in the evening of September 28, 2009 because the exhibits were too large, had to be broken down in smaller pieces and filed separately (Dkt. No. 152-162) from the memorandum of law (Dkt. No. 151). Given that defendants were responsible for the filing delay caused by their abuse of Rule 56.1 requirements and that they were not prejudiced in any way by the purported 4-hour "delay**"**, which has little, if no practical import whatsoever, defendants' motion to strike for untimeliness is frivolous. *King v. Morris*, No. 86 Civ. 2829, 1991 WL 4462, at *2 (S.D.N.Y. 1991) (The mere inability to comply with a court order, absent bad faith, cannot justify the imposition of sanctions...Otherwise, the imposition of sanctions "would deprive the party of a property interest without due process of law.") (attached herein as Exhibit PS-2); *Kochisarli v. Tenoso*, No. 02-CV-4320, 2006 WL 721509 (E.D.N.Y. 200) (attached herein as Exh. PS-3(leave to amend is granted as there is no prejudice to defendant)); *See, e.g., Giannullo v. City of New York*, 322 F.3d 139 (2d Cir. 2003). Indeed, an exhaustive search of the relevant case law indicates that the courts *never* impose an order striking opposition briefs, which would results in dismissal or judgment for one party, in the case of a Saturday

5

filing. In *McConnell v. Costigan*, 00CIV4598, 2002 WL 313528 (S.D.N.Y. 2002) (Exhibit PS-4), the district court stated that an order striking a party's opposition was considered to be appropriate only in extreme circumstances, none of which occurred in this case, *quoting Forum Ins. Co. v. Keller*, No. 91 Civ. 4528, 1992 WL 297580, at *2 (S.D.N.Y. Oct. 8, 1992) and *Mordechai v. St. Luke's-Roosevelt Hosp. Ctr. Et al.,* No. 99 Civ. 3000, 2001 WL 699062, at *1(S.D.N.Y. June 21, 2001).

In summary, plaintiffs' opposition brief is timely for an independent reason not known to defendants, which is FRCP Rule 6. Defendants cited no applicable case law or relevant authority in support of their motion to strike. Accordingly, their *de minimis* - i.e., six-line-  argument is insufficient as a matter of law and should be dismissed.

## II- PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' OPENING BRIEF COMPORTS WITH THE COURT'S ORDERED PAGE LIMIT

_____Defendants advanced another specious argument consisting of four double-spaces lines to "strike" plaintiffs' opposition brief (Dkt No. 151), which contains 40 pages, claiming that "the court's rules provide for a 25 page limit." Def. Brief at p. 1. Defendants did not cite any relevant authority or case law to support their four-line argument and failed to mention that they had asked that the court to extend the page limit in memoranda of law, as follows:

Although your individual rules provide a limit of 25 pages, I am respectfully requesting that same be extended to 40 pages. If you recall, the discovery in this matter is voluminous and we are required to address the claims of eight separate plaintiffs.

(Dkt. No. 139). Given that the Court "granted" the extension of **all** parties' memorandum of law to 40 pages and reiterated the approval two days later with respect to plaintiffs' request to exceed the page limit (Dkt. No. 141), there is no support for defendants' claim that only defendants could file their opening brief of 40 pages and that plaintiffs would be restricted to a 25-page  opposition brief. *Summer v. McCall*, 103 F.Supp.2d 555, 559 (N.D.N.Y. 2000) (manifest injustice will result if court refused to

consider plaintiffs' 50-page memoranda of law opposing defendants' motion); *See Housing Works, Inc. v. Turner*, No. 00 CIV 1122, 2003 WL 22096475 (S.D.N.Y. 2003) (since the court had set a fifty page limit for memoranda in support of motions for summary judgment, any and all memorandum shall be limited to fifty pages). Given that the court had approved the extensions of the page limits to 40 pages by reiterating that "the Court adheres to its 40-page limit" (Dkt No. 141) for all parties, plaintiffs' 40-page opposition brief is in compliance with the Court's order. In analogous cases, the courts have approved extension of page limits with respect to all parties. In *Brown v. Board of Trustees*, 392 F.Supp.2d 434, 446 (E.D.N.Y. 2005), the district court stated as follows:

Regarding defendants' motion to strike, courts have broad discretion in applying their local rules. Plaintiffs' memorandum of law does not exceed the page limit granted by the court, and there is no reason to strike it.
*Id. See Rand-Whitney Containerboard v. Town of Montville*, 289 F.Supp.2d 62, 85 (D.Conn. 2003) (the court approved the parties' requests for 200-page extension of page limit).

Given that this Court has approved the 40-page limit for all memoranda of law, plaintiffs' 40-page opposition brief conforms to the court order and should be considered by the Court. Defendants' *de minimis*, four-line argument fails to cite any supporting case law and is insufficient as a matter of fact and law.

## III- PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT CONFORMS TO THE COURT ORDER THAT ALL MEMORANDA BE LIMITED TO 40-PAGES

As discussed *supra*, pursuant to defendants' August 21, 2007 requests that "same be extended to 40 pages,[3]" the Court approved a limit of 40 pages for all memoranda of law. Given that the court had

---

[3] *See, e.g.,* <u>Hobbs v. County of Westchester</u> <u>397 F.3d 133, 146 (2d Cir.2005)</u> (stating that "it is a general rule of statutory construction that, absent a definition in the statute, courts

approved a 40-page limit, plaintiffs' 25-page reply is in compliance with the Court's August 21 and August 23 orders and should not be stricken. Since defendants had admitted that " the discovery in this matter is voluminous and [that they] are required to address the claims of eight separate plaintiffs", and since plaintiffs had to address the claims of twelve defendants as well argue about the constitutionality of the town 's Wetlands law, plaintiffs' 25-page reply is reasonable and well-justified. *See Silivanch v. Celebrity Cruises, Inc.*, No. 95 Civ 0374, 2000 WL 1585076 (S.D.N.Y. 2000) (attached here as Exh. PS-6) (the parties are not subject to a page limit on their opening brief and 25 pages on their reply brief due to the number of issues raised and the factual complexity of the trial); *Summer v. McCall*, 103 F.Supp.2d 555, 559 (N.D.N.Y. 2000) (the interests of justice require that the court consider plaintiffs' oversized memoranda of law and reinstate plaintiffs' motion for reconsideration).

Given that defendants failed to cite any relevant authority or case law to support their four-line motion to strike on the basis of plaintiffs' 25-page reply, the defendants' motion should be denied.

## IV- DEFENDANTS' MOTION TO STRIKE TRAI CHAU'S AFFIDAVIT VIOLATES LOCAL RULE 37.2 AND FRCP 26(2)(C) AND SHOULD BE BARRED[4]

---

construe words in their plain and ordinary sense") (quoting <u>Weinberg v. City of Chicago,</u> 310 F.3d 1029, 1042 (7th Cir.2002).

[4]Local Rule 6.1(a) requires that plaintiffs' opposition to defendants' Motion to Strike (Dkt No. 209) involving Rule 26 be filed within "four business days after service of the moving papers" on October 19, 2007, which would be October 25, 2007. However, besides seeking to preclude Mr. Chau's testimony on the basis of Rule 26, defendants apparently sought to strike plaintiffs' memorandum of law from the records on the basis of timeliness and length without specifying which rule applies, and to oppose plaintiffs' motion to strike defendants' Rule 56.1 statement. Since Local Rule 6.1(b) applies to issues other than those discovery issues, plaintiffs have ten business days to oppose defendants' motion, or November 2, 2007. Accordingly, since plaintiffs filed this opposition (Dkt. No. 217) on November 2, 2007, it is timely.

Defendants moved pursuant to FRCP Rule 26(a)(2) to preclude Mr. Chau from testifying as an expert witness. As a preliminary matter, defendants' Rule 26 motion to preclude Mr. Chau's testimony is in violation of Local Rule 37.2 of the U.S. District Court for the Southern District of New York, which requires a party to request an informal conference with the court and attempt to confer with opposing counsel before moving under Fed.R.Civ.P. 26. *Atkins v. County of Orange*, 372 F.Supp.2d 377 (S.D.N.Y. 2005). Local Rule 37. 2 provides as follows:

**Local Civil Rule 37.2. Mode of Raising Discovery Disputes with the Court (Southern District only)**
**No motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the court and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference."**

Here, defendants never requested an informal conference with the court nor attempted to confer with opposing counsels before moving under FRCP Rule 26. Accordingly, defendants' motion to preclude Mr. Chau as an expert witness should be denied. In an analogous case, *NAS Electronics v. Transtech Electronics,* 262 F.Supp.2d 134 (S.D.N.Y. 2003), the district court held that a party's failure to request a discovery conference pursuant to Rule 37.2 precludes them from raising any discovery issue, as follows:

See Local Civil Rule 37.2. The failure to request such a conference requires that any motion based on the alleged failure to be given documents, to produce deposition witnesses in a timely manner, or to produce witnesses a second time, be denied.

 *Id.* at 152; *See Atkins v. County of Orange*, 372 F.Supp.2d 377, 397 (S.D.N.Y. 2005); *Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 100 (S.D.N.Y. 1997).

## A- Mr. Chau as Fact Witness

As his affidavit states, Mr. Trai Chau is both a fact witness and an expert witness (Dkt. No. 161). Mr. Chau is the fact witness for plaintiff Manbeck, and an expert witness for the plaintiffs Gennimi, Shaw and Durante, as his Affidavit described:

Since 2003 I have provided engineering and environmental consulting services to the Manbecks in connection with their addition at their house located at 95 North Salem, Cross River, New York. Since 2007, I have been retained by the plaintiffs Wendy Gennimi, Geoffrey Shaw and the plaintiffs Jay and Carol Durante to provide engineering and environmental consulting services in connection with this lawsuit challenging Local Law 1-2004 of the Town of Lewisboro, as amended, known as the "Wetlands Law".

¶4, Trai Chau Affidavit. Given that Mr. Chau is both a fact witness and an expert witness, defendants' claim that he should be dismissed solely because he is an expert witness fails to address the fact that he could not be dismissed as a fact witness. Mr. Chau's identity was disclosed to defendants on September 15, 2007 in plaintiffs' Third Amended Initial Disclosure Statement (Dkt. No. 206) pursuant to Rule 26(a)(1)(A). It was not until October 19, 2007, more than a full month later, that defendants objected to Mr. Chau's inclusion as an expert witness. During that time, defendants never sought to take Mr. Chau's deposition as a fact witness, or asked plaintiffs to supplement Mr. Chau's report.

Mr. Chau is a fact witness for having worked on the Manbeck project since 2003 as his affidavit states. Defendants did not cite any case or relevant authority that a fact witness should be precluded from testifying after being duly been disclosed to defendants by Initial Disclosure Statement (Dkt No. 206) pursuant to Rule 26(e)(1), and after defendants failed to make any effort to take the witness' deposition after disclosure. Defendants had not shown any prejudice resulting from the September 15, 2007 disclosure, insofar that no trial date has been set and no cut-off date for amending the Rule 26 Initial Disclosure Statement  has been issued. *See Wechsler v. Hunt Health System,* 198 F.Supp.2d 508 (S.D.N.Y. 2002) (witness can testify as fact witness based on personal knowledge); *Trouble v. Wet Seal, Inc.*, 179 F.Supp.2d 291, 306(S.D.N.Y.2001) (witness was properly disclosed three weeks after being retained and would be allowed to testify as to his personal knowledge of leasing criteria); *Lore v. City of Syracuse*, 00-CV-1833, 2005 WL3095506 (N.D.N.Y.2005) (attached as Exhibit PS-7) (ten fact

witnesses were to be added by Rule 26(e) supplement seven months after discovery cut-off as there is no prejudice to defendants).

### B. Mr. Chau's Disclosure as Expert Witness is Timely

On September 15, 2007, Plaintiffs Gennimi, Shaw and Durante identified Mr. Chau to defendants after retaining Mr. Chau as their expert witness on September 12, 2007 (see Wendy Gennimi Affidavit, Dkt. No. 215, attached herein as Exhibit PS-12).  Defendants incorrectly claimed that Mr. Chau's disclosure was "untimely" and did not meet "none of the requirements" of FRCP Rule 26(a)(2). With respect to an expert witness, Fed.R.Civ.P. Rule 26(a)(2) states in relevant part:

In the absence of other directions from the court or stipulation by the parties, **the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial** or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

Rule 26(a)(2)(c)(emphasis added). Since there is no trial date whatsoever, plaintiffs' disclosure of the expert witness to defendants on September 15, 2007 is timely, especially since it is an absolute certainty that no trial has been planned "90 days" from September 15, 2007, or December 15, 2007. Defendants' claim that Mr. Chau's disclosure is "untimely" is unsupported by law or fact, especially in view of defendants' failure to cite any reference to the Federal Rules of Civil Procedure or relevant authority. *See Lore v. City of Syracuse*, 00cv1833, 2005 WL 3095506 (N.D.N.Y. 2005) ("excluding expert testimony can 'frustrate the Federal Rules' overarching objective of doing substantial justice to litigants.")(Exh. PS-7). The deadline for disclosure is triggered only when a trial date has been set. Furthermore,  even after the 90 days period begins, the courts have allowed late disclosure. In  *Smith v. City of New York*, 611 F.Supp. 1080, 1097 (D.C.N.Y. 1985), the court did not preclude an expert witness from testifying

11

even though he was found and disclosed just before trial, because defendant did not "make any formal discovery demands...requiring plaintiffs to identify his witnesses or suffer preclusion." *Id*. at 1097. *See Babcock v. Rezak*, 96 CV 0394, 2002 WL 31654995 (W.D.N.Y. 2002) (attached herein as Exhibit 8)(plaintiff's failure to disclose economist as expert until two months before trial was justified as defendant waited a month and a half after disclosure to object, and the two months's notice was adequate to allow defendants time to depose plaintiff's expert and to retain his own expert). As in *Babcock*, although Mr. Chau was disclosed on September 15, 2007, defendants  waited until October 19, 2007 to file a motion to strike and did not seek to depose Mr. Chau. There is still plenty of time for defendants to depose Mr. Chau and to retain their own expert, which they have not done.  The Court has not issued any deadline for disclosure of expert witnesses. Accordingly, plaintiffs' disclosure was timely.

**C- Mr. Chau's Report (Dkt #161) conforms with FRCP Rule 26(a)(2)**

Although defendants claimed that plaintiffs' Rule 26(a)(2) disclosure was deficient on the ground that only Mr. Chau's name, telephone number and address were provided, defendants failed to disclose to the Court that on September 30, 2007, the Initial Disclosure was supplemented  with a 14-page detailed report in the form of an affidavit accompanied by over one hundred pages of documents covering the bases for Mr. Chau's report. Dkt No. 161. In connection with their motion to strike, defendants misled the Court by providing only Mr. Chau's fourteen pages affidavit contained in Docket No. 161 while omitting the other 100 pages of materials he reviewed and relied on in forming his opinion. See Exhibits 9a, 9b, 9c, and 9d, annexed hereto.  Given that the defendants have received Mr. Chau's complete 114-page supplemental report, including his curriculum vitae, on September 29, 2007, it is disingenuous for defendants to present to the Court only Mr. Chau's 14-page affidavit while withholding the remaining 100-page documents to manufacture a Rule 26(a)(2) claim of deficiency.

12

As an initial matter, even though defendants were served with Mr. Chau's curriculum vitae on September 29, 2007, defendants never challenged the adequacy of Mr. Chau's credentials to testify as an expert in this matter. (Curriculum Vitae of Mr. Chau, annexed as Exhibit PS-10 to Mr. Chau's Affidavit, Exhibit 9a). Mr. Chau is qualified to testify as an expert here in light of his twenty years of experience as a civil and mechanical engineer with multiple advanced diplomas from Vietnam, Germany, and the United States, as well as his past work experience as a United States Marine Corps officer, and his current certification as a traffic and building engineer in California. In an analogous case, *Atkins v. County of Orange*, 372 F.Supp.2d 377 (S.D.N.Y. 2005) this district court found that "preclusion is a drastic remedy" that did not serve the ends of justice and should only be applied in those rare cases where the other party's conduct represents "bad" faith. *Id*. at 396. The court stated that given that the expert's testimony was essential to the plaintiffs' case, and that defendants failed to object and take the expert's deposition, defendants' motion to preclude plaintiffs' expert witness would be denied. In this case, defendants have had over a month to depose the expert witness but have failed to do so. Defendants also received Mr. Chau's 114-page report and never asked plaintiffs to supplement the report. Instead, defendants filed a motion to preclude by disingenuously listing an exhibit of Mr. Chau's 14-page affidavit and withholding the remaining 100-pages documents supporting Mr. Chau's report. Since September 30, 2007 defendants had received all of the documents required by Rule 26 in Mr. Chau's 114-page report, which was supplemented by an October 11, 2007 letter from plaintiffs' counsel, annexed hereto as Exhibit PS-11. The 114-page report (Exhibits 9a, b, c, d), aka Dckt No. 161, contains a complete statement of Mr. Chau's opinions and bases therefor, and reference materials which he reviewed and relied on in forming his opinions. Mr. Chau's affidavit is double spaced and  fourteen-page long and specifically identifies the data on which he relied, including a wetland studies by Tim Miller &

13

Associates and the New York State Model Law on Storm Water Management.  To the extent there is any deficiency in Mr. Chau's report, the October 11, 2007 letter from plaintiff's counsel (PS-11)  noted that Mr. Chau had not testified in the past. This fact is a minor omission which could be easily remedied had defendants taken Mr. Chau's deposition.

Accordingly, since Mr. Chau's report includes the underlying conclusions on which his opinions are based, and set forth a complete statement of the bases and reasons for his opinions, Mr. Chau's report satisfies the disclosure requirements of Fed.R.Civ.P. 26(a)(2). *Giladi v. Strauch*, 94 CV 3976, 2007 WL 415365 (S.D.N.Y. 2007).

**D- Mr. Chau's Report is Critical to Plaintiffs' Case.**

As plaintiff Gennimi noted in her Affidavit, attached hereto as Exhibit 12, Mr. Chau's report is essential to her case insofar as she has not been able to locate any other engineering expert at this time to conduct the necessary engineering studies of her property, and that it is almost impossible to locate a local engineering consultant to testify against the town. *See Smith v. City of New York*, 611 F.Supp. 1080, 1095 (S.D.N.Y. 1995)(expert witness is not precluded since defendants have not made any formal discovery demands requiring plaintiffs to identify his witnesses or suffer preclusion, and since a qualified witness willing to testify against the NYPD is difficult to find locally). As in *Smith v. City of New York*, the reality is that very few, if not any, engineering firm would dare to testify against a municipality due to potential loss of business in all other municipalities or government agencies. If Mr. Chau, who is an out-of-state consultant having no business ties with New York State, is precluded, plaintiff Gennimi would not have the benefit of any expert witness and would be severely prejudiced, whereas defendants could not possibly claim any prejudice, given that they still have the opportunity to

14

depose Mr. Chau, obtain any needed information and retain their own expert. Accordingly, the requirements of due process would only be satisfied if Mr. Chau is permitted to testify as plaintiffs' expert witness. *Atkins v. County of Orange*, 372 F.Supp.2d 377, 397 (S.D.N.Y. 2005)(defendants failed to request that expert witness' reports be supplemented or to depose witness who was essential to plaintiffs' case). As in *Atkins v. County of Orange*, defendants' refusal to depose Mr. Chau is evidence that they are not prejudiced whatsoever by Mr. Chau's disclosure, since they could have gotten whatever information they needed to prepare their defense by deposing him.

**E. Preclusion Should be Denied because there is no Violation of Rule 26(a)**

Finally, defendants' challenge to plaintiffs' Rule 26(a) expert witness disclosures is unpersuasive, because plaintiffs have not violated Rule 26(a) and still have time to supplement the disclosures. By the combined operation of Fed.R.Civ. P. 26(a)(2)©) and 26(e)(1), a duty to supplement information arises where a party learns that the information initially provided was in some material respect incomplete. The deadline for providing supplementation in such a circumstance is the time the party's disclosures are due under Fed.R.Civ.P. 26(a)(3), which is 30 days before trial unless otherwise directed by the court. Since the time which has elapsed between plaintiffs' initial Rule 26(a)(2) disclosures of the expert's identity and his report - September 15, 2007 and September 30, 2007- and defendants' October 19, 2007 demand is sufficient to give rise to a duty to supplement, plaintiffs have until thirty days before trial to provide this supplementation. As there is no trial date set at this time, plaintiffs are not delinquent in supplementing their disclosures and have therefore not violated

Fed.R.Civ.P. 26(a). Accordingly, preclusion is not appropriate in this instance and defendants' motion should be denied. *Rouson v. Eicoff*[5], Slip Copy, 2007 WL 1827422 (E.D.N.Y.,2007).

### E. Defendants have not been been prejudiced as their counsels have repeatedly failed to attend depositions of other fact witnesses that raised similar issues pursuant to FRCP 37(c)(1)

Even if the Court were to find that Mr. Chau was identified after discovery was close, defendants have suffered no prejudice whatsoever since they were already informed of the issues raised in Mr. Chau's affidavit. Besides making no attempt whatsoever to depose Mr. Chau or to review the 114-page report submitted to them on September 30, 2007, counsels for defendants had also repeatedly failed to attend depositions of numerous other fact witnesses[6], two of whom testified about the same issues raised in Mr. Chau's Affidavit, *i.e.*, that storm water drainage is the major source of pollution and that the town has been the most egregious wetland violator by virtue of its dumping of chemicals on the

---

[5]"Notwithstanding the seemingly mandatory language of the rule, even where the failure to disclose is neither 'justifi[ed]' nor 'harmless,' the Second Circuit has viewed the imposition of sanctions as discretionary and district courts have generally not ordered preclusion." *Mahoney v. Keyspan Corp.,* No. CV 04-554, 2007 WL 1651853, *1 (E.D.N.Y. June 6, 2007) (citing *Design Strategy, Inc. v. Davis,* 469 F.3d 284, 297-98 (2d Cir.2006)); *Northington v. Gospel Volunteers, Inc.,* No. 04 CIV 7589, 2007 WL 1175292, at *1 (S.D.N.Y. Apr.18, 2007); *Atkins v. County of Orange,* 372 F.Supp.2d 377, 396 (S.D.N.Y.2005) (citing cases); *Potter v. Phillips,* No. CV 03-4942, 2004 WL 3250122, at *2 (E.D.N.Y. Mar. 28, 2004) ("the imposition of sanctions under this rule is discretionary, and preclusion is ordered only rarely")). Moreover, "[e]ven where the failure to disclose is neither "substantial[ly] justifi[ed]" nor "harmless," preclusion is not automatic." *Id.; see also Design,* 469 F.3d at 297-98.

[6]Besides not appearing at Mr. Herzog's depositions on February 5, 7, and 8, 2007 (Dkt. No. 176), Defendants' counsels did not attend Paul Spletzer's deposition on February 8, 2007 (Dkt. No. 217), which concerns exactly the same issues raised by Mr. Herzog and Mr. Chau - storm water drainage being the culprit for pollution and the town being the most egregious wetland violator. Although defendants' counsel were absent at the depositions, a transcript of Mr. Herzog's depositions and Mr. Spletzer's deposition had been furnished to counsel, who is presumed to have reviewed the depositions.

16

roads and letting the chemicals drain into lakes and reservoirs without treatment. Mr. Chau testified as follows:

33. Instead of enforcing the Wetlands Law in such a draconian way under the guise of environmental protection, the town should have addressed the major source of pollution in town: storm water drainage and pollution caused by the town's Highway Department dumping of antifreeze chemicals on the town's roads throughout winter, such chemicals wash into the creek and low-lying wetlands and town lakes. Indeed, in the case of Mary Clark v. Town of Lewisboro, Index No. 00-8944,  a state court found that the town Highway Department was the most egregious wetland violator continually polluting the Deepwell Farms property due to its failure to provide for proper drainage to Deepwell Farms Road.

34. Recent research by the U.S. Environmental Protection Agency finds stormwater runoff to be the leading source of water quality impairments to estuaries and lakes. Pollutants from untreated stormwater runoff can damage fish and wildlife, kill native vegetation, taint drinking water supplies and foul recreational areas. Stormwater runoff also increases the volume and rate at which water moves into lakes and streams.

35.Storm water drainage has been causing severe erosion and flooding in the town of Lewisboro due to a total lack of drainage system, whether in the form of sewer or town-planned drains. The storm water flows from the developed impervious area into surrounding undeveloped lands – as in the case of the Deepwells Farm properties whereby water washing off the Deepwell Farms road and Meadow Pond Elementary system flood the Deepwells Farm properties, converting an essentially dry land into wetlands due to lack of proper drainage.

36. Rather than enforcing the Wetlands law in such a harsh and perhaps unconstitutional manner, the tow

n should develop a system to control runoff from stormwater and installation of storm drains and storm receptors along all roads to prevent road chemicals from reaching the wetlands and the surrounding lakes.

Mr. Chau's Affidavit, Exh. 9a. On February 5, 7, and 8, 2007, former Town Supervisor Tom Herzog was deposed about the Mary Clark v. Town of Lewisboro case, as well as the town's storm water management plan[7]. See Exhibit 17, Herzog excerpts.

---

[7]...Below is a relevant excerpt of Herzog's deposition:

        as I said the other day, you have
17        no place to put it except next to the road,

17

Similarly, Paul Spletzer, the attorney for plaintiff Mary Clark, was also thoroughly deposed on the same issues addressed in Mr. Chau's Affidavit. Although Mr. Herzog was a fact witness who was deposed about topics which were addressed in Mr. Chau's affidavit, defendants' counsels did not bother to attend and did not avail themselves of the opportunity to cross-examine Mr. Herzog. Similarly, defendants' counsel did not attend Paul Spletzer's deposition on February 8, 2007. *See* excerpts of Mr. Spletzer's testimony, attached herein as Exhibit 13 (Dkt. No. 217). In the sense that Mr. Chau's testimony did not present any new issue that took defendants by surprise, since Messrs. Herzog and Spletzer had previously testified about the fact that the town has been the most egregious wetland violator and

---

|    |                                              |
|----|----------------------------------------------|
| 18 | so one of the big purposes of the storm      |
| 19 | water system is to get the pollutants, the   |
| 20 | oil and the gas and whatever else might get  |
| 21 | caught up in the storm water to filter those |
| 22 | out so that there is more -- so that the     |
| 23 | water is cleaner as it is dispersed onto the |
| 24 | properties that are along the road or as it  |
| 25 | runs in to various lakes.  There are a lot   |
| 1  | THOMAS HERZOG            144                  |
| 2  | of lakes in our town and it has been said    |
| 3  | that a lot of pollution that goes in those   |
| 4  | lakes come from off the roads so that I      |
| 5  | would say the emphasis was basically on      |
| 6  | getting the pollutants out of that storm     |
| 7  | water before it actually went onto the       |
| 8  | adjacent property or in to the lakes and     |
| 9  | ponds so forth.  I don't know what else can  |
| 10 | be done in a place like this, where we have  |
| 11 | no infrastructures or sewers, where else is  |
| 12 | the water going to go except on the various  |
| 13 | pieces of land that are on the sides of the  |
| 14 | roads, and if that happens, at least the     |
| 15 | water should be free of pollutants, as free  |
| 16 | as possible of pollutants and then it goes   |

mandated under State law to implement a Storm Water Management Plan by December 31, 2007, there

has been no resulting prejudice to defendants. In a similar case, *Farook v. Bailey*, No. 05 Civ. 3785,

2007 WL 2076764 (S.D.N.Y. 2007), annexed here as Exhibit PS-14**,** this district court denied the

defendant's motion to preclude the plaintiff's expert witness, stating as follows:

These materials, which postdate the discovery deadline, respond to specific issues raised in Defendants'
motion practice. Because the issues they address were clearly known to Defendants prior to their
disclosure and the materials apparently did not exist prior to the general deadline for disclosure of expert
materials, the Court finds that Defendants have not been harmed by the timing of their disclosure.
Hence, the harsh remedy of preclusion is unwarranted and Defendants' request is denied.
*Id*. at 2. As in *Farook v. Bailey*, Mr. Chau's affidavit was submitted to respond to specific issues raised

by defendants' motion for summary judgment. Since the issues addressed by Mr. Chau were addressed

in prior depositions of fact witnesses Herzog and Spletzer and were well known to defendants, and since

Mr. Chau's affidavit did not exist prior to defendants' filing of their motion, the defendants have not

been prejudiced by the disclosure of Mr. Chau's affidavit, which is "harmless" pursuant to FRCP

37©)(1). *See Wechsler v. Hunt Health Systems, Ltd.*, 198 F.Supp.2d 508  (S.D.N.Y.,2002).

## V- AFFIRMATION OF PLAINTIFFS' COUNSEL ALEXANDRA MANBECK SHOULD BE ADMITTED

_____Defendants cited no controlling authority or case law to support their claim that plaintiffs'

counsel should be precluded from filing a declaration or affidavit (Dkt. No. 200) made pursuant to 28

U.S.C. § 1746 concerning a clerical and factual matter which occurred during the course of discovery,

i.e., the fact that **tape recording of Planning Board hearings are defective and cannot be**

**transcribed.**

        **Section 1746 of the Judiciary Law,which provides for the use of unsworn declarations in**

**lieu of affidavits in virtually all federal proceedings. provides, in relevant part:**

Whenever, under any law of the United States or under any rule, regulation, order, or requirement made

pursuant to law, any matter is required or permitted to be supported ... or proved by the sworn *declaration,* verification, certificate, statement, oath, or affidavit in writing of the person making the same ... such matter ... may be supported ... or proved by the *unsworn declaration* ... or statement in writing which is subscribed by him, *as true under penalty of perjury...*

Pursuant to 28 U.S.C. § 1746, it is well established that any declarations that are subscribed as true under penalty of perjury are admissible on a Rule 56 motion for summary judgment. *See* 28 U.S.C. 1746 ; *LeBoeuf, Lamb, Green & MacRae, LLP v. Worsham,* 185 F.3d 61, 65-66 (2d Cir.1999); *Tokio Marine and Fire Ins. Co., Ltd. v. Federal Marine Terminal, Inc.,* 397 F.Supp.2d 530 (S.D.N.Y. 2005). Therefore, the declaration of plaintiffs' attorney Alexandra Manbeck may properly be considered by the Court, which satisfies the requirement of Rule 56(e) that an affidavit in support of or in opposition to a motion for summary judgment be based on personal knowledge and admissible evidence. *See Patterson v. County of Oneida, N.Y.,* 375 F.3d 206, 219 (2d Cir.2004); *Goenaga v. March of Dimes,* 51 F.3d 14, 18 (2d Cir.1995).

Indeed, the affidavit expressly asserts that it is based on personal knowledge, and contains indicia of its authors' first-hand knowledge of the information she were relaying- most importantly, the fact that she personally received the tape recording from defendants, directly listened to the recordings and personally observed problems with its audibility.  There is nothing speculative or inadmissible about the affiant's actual knowledge about the tapes' quality, or about the state court's decision in *Mary Clark v. Town of Lewisboro*, 00-8944, holding that the "Board failed to conduct the hearing in the instant matter as required by the Lewisboro Wetland Ordinance ..." Manbeck Aff. dated October 5, 2007, Dkt. No. 200.

As is typical throughout their motion. defendants falsely claimed, without offering any proof, that ("Manbeck has previously represented on the record that she would not be a witness to **any of** the issues in these cases.") Def. Brief at 3 (emphasis added).  The only issue about which plaintiffs' attorney

agreed not to testify is plaintiff Peter Manbeck's case. There has never been any representation about anything else, or any other plaintiff. See Affidavit of Alexandra Manbeck dated Oct. 31, 2007 (Dkt. No. 216) ("I have never represented to the defendants or to the court that I would not be submitting affidavits or declarations involving any matter other than the plaintiff Peter Manbeck's case.") Manbeck Aff., ¶ 7.

Furthermore, defendants' claim about "a prior agreement to use the reference planning board minutes as accurate and authentic" is false and unsupported by any stipulation or agreement between the parties.  On the contrary, on August 9, 2007, defendants' counsel sent to plaintiffs a letter stating that the parties would stipulate to the use of copied documents as if they were original, as follows:

As previously agreed, both during depositions and in court appearances on the record, it is my understanding that any document produced during discovery can be used as though they are originals. There will be no objection because copies are used instead of originals.

Randazzo letter dated August 9, 2007, attached herein as Exhibit PS-18. *See* Manbeck Aff. [8] dated October 31, 2007 (Dkt. No. 216) (PS-15). Given that other witnesses such as plaintiff David Oltman (Dkt. No. 212) and assistant Nelly Vega (Dkt. No. 213), also declared under penalty of perjury that they have personally listened to the tapes and could not make any sense out of them, the affidavit of plaintiffs' attorney makes similar allegations on the basis of her personal knowledge and her competency to testify to the matters asserted in the affidavit and meets Rule 56(e) requirements. It is indeed common for the parties' attorneys to submit affidavits setting forth admissible facts based on personal knowledge

---

[8]

The Affidavit states: "I have never agreed that Planning Board minutes or any documents furnished by defendants during discovery would be "accurate and authentic". I only signed a letter drafted by defendants' counsel to the effect that all photocopied documents produced by defendants are actual copies of town records maintained by defendants so that each and every document would not need to be authenticated by the Town clerk when they are used as exhibits. " (Exh. PS-15, (Manbeck Aff. dated October 31, 2007, ¶ 8.)

in support of or in opposition to the summary judgment motion. *Sykes v. James*, 13 F.3d 515 (2d

Cir.1993); *Cianciosi v. Home Depot U.S.A.*,  199 F.3d 1321(2d Cir. 1999). Given that defendants did not

produce any evidence or proof to support their ludicrous claim that plaintiffs' attorney agreed to be

muzzled throughout the course of these proceedings, the affidavit of plaintiffs' attorney should be found

admissible. Finally, the affidavit does not dispute that the Planning Board minutes are authentic business

records. The affidavit contains factual statements to the effect that such minutes are not *verbatim* records

of the wetland violation hearings if the tapes could be transcribed, but are, as the court in *Mary Clark*

states, "Board minutes contained within the certified records are narrated in the third person." *Mary*

*Clark v. Town of Lewisboro*, 00-8944, at p. 5.

## VI- DEFENDANTS ARE PRECLUDED FROM RAISING NEW ISSUES IN THEIR REPLY

On August 31, 2007, defendants filed their Motion for summary judgment with a 49-pages

opening brief which does not raise the immunity defense  (Dkt. No. 142), attached herein as plaintiffs'

Exhibit PS-16. On September 29, 2007 Plaintiffs filed their opposition brief which did not address the

defendants' immunity defense (Dkt. No. 151). On October 9, 2007, in their Reply Brief (Dkt. No. 198)

defendants for the first time raised three new legal arguments consisting of (i)the immunity defense for

all defendants, (ii) the claim that defendant Nordgren had no personal involvement, and (iii) plaintiff

Pritchard had no viable claim against defendants.

It is established law that defendants cannot raise new legal arguments in their Reply brief as

plaintiffs have been deprived of any opportunity to oppose the new arguments. In *MCI LLC v. Rutgers*

*Cas. Ins. Co*, 06 cv 4412, 2007 WL 2325867 (S.D.N.Y. 2007), the district court stated as follows:

Moreover, to the extent Defendant seeks to raise new legal arguments in its Reply Affirmation, such
arguments need not be addressed. *See Frank v. United States,* 78 F.3d 815, 833 (2d Cir.1996)
("[Litigant] generally cannot resurrect an argument omitted in its main brief by raising it for the first
time in a reply brief"); *accord Salumbides v. United States,* No. 05 Civ. 7847(RMB), 2007 WL 430425,

at *6 (S.D.N.Y.).

In their reply brief, defendants devote one page on the qualified immunity defense and eight lines

concerning defendant Nordgren's purported lack of involvement. Moreover, defendant only briefly

mentioned this point in passing, and did not provide citation to any legal authority concerning defendant

Nordgren's email and internal correspondences to other defendants (PX-517). *See* Defendants'Reply

Memorandum in Support of Its Motion for Summary Judgment ("Def.'s Rep.") at 14 (Dkt. No. 198). As

filed in the Court's ECF system, defendants raised these argument for the first time in their reply brief, in

spite of controlling law holding that arguments may not be made for the first time in a reply brief. *See*

*United States v. Gigante,* 39 F.3d 42, 50 n. 2 (2d Cir.1994); *NLRB v. Star Color Plate Serv., Div. of*

*Einhorn Enterprises, Inc.,* 843 F.2d 1507, 1510 n. 3 (2d Cir.) (rejecting attempt to raise new issues in

reply brief even though issue was raised in previous proceeding), *cert. denied,* 488 U.S. 828, 109 S.Ct.

81, 102 L.Ed.2d 58 (1988).

Defendants advanced the ludicrous argument that plaintiffs should have been "requesting another

copy at the time they received the purported blank pages" filed via the Court's ECF system to remind

defendants of their obligation to raise the immunity defense for all defendants in their opening brief (PS-

16). It is still unclear whether the defendants' failure to raise the new issues raised in their Reply was

pure negligence or a cynical  attempt to sandbag plaintiffs by depriving plaintiffs of their due process

rights to offer arguments in rebuttal. Plaintiffs' counsels would have committed malpractice were they to

contact defendants' counsel to advise him that he should have raised additional defenses or claims for

defendants in defendants 'opening brief. *Barry v. Liddle, O'Connor, Finkelstein & Robinson*,  98 F.3d 36

(2d Cir. 1996).  Finally, without providing any proof, affidavit or stipulation whatsoever, defendants

misrepresented that "plaintiffs' counsel has acknowledged that while the three pages were blank, they

23

were fully aware of defendants' legal arguments," (Def.'s Rep. At 5), to cover up for their own failure to raise the new issues in their opening brief. As such, as plaintiffs did not have any opportunity to respond to the new issues which need  not be addressed by this Court.

## VII- DEFENDANTS' RULE 56.1 STATEMENT CONTAINS MISSTATEMENTS OF MATERIAL FACTS

Defendants' filing of a lengthy Rule 56.1 Statement that contains over 168 purported statements of facts but which are in fact either statements of law or disputed facts and which requires plaintiffs' counsel to spend days responding to each and every statement to preserve plaintiffs' rights to object. *See* Affidavit of Plaintiffs' Counsel dated Oct. 31, 2007, ¶ 3-6, Exhibit 15 (Dkt. No. 216).  Plaintiffs had to contend with over three hundred Rules 56.1 statements from Mr. Fain's counsel and Town's counsel and had to spend inordinate amount of time to object to each and every one of these frivolous statements. Plaintiffs' counsel had to devote a total of 90 pages to respond to each of the two Rule 56.1 statements, only a couple of which are true statements of fact. Plaintiffs' Rule 56.1 statement contains only four statements compared to the 326 plus statements from defendants' Rule 56.1 statements. In a similar case, the district court had stricken the defendants' statements and denied their motion for summary judgment. In  *Housing Work v. Turner*, No. 00 Civ. 1122 In, 2003 WL 22096475 (S.D.N.Y. 2003), the court stated as follows:

In addition, they have submitted a 123 page, 752 paragraph Statement pursuant to Local Rule 56.1, at least some of the assertions of which contain no record references, which are required by the Rule...The Court is not obliged to wade through this morass. The motion for summary judgment is denied.

24

Id. Given the defendants' pattern of disregard for court's local rules and the Federal Rules of Civil

Procedure, it is respectfully submitted that the Court should strike the defendants' Rule 56. 1 statements

and deny their motion for summary judgment

**CONCLUSION**

The court should deny defendants' Motion to Strike as well as their motion for summary

judgment. Summary judgment for defendants is inappropriate here given that there remain numerous

issues of fact concerning the personal liability of the defendants and the extent of the damages inflicted

on the plaintiffs. Given that the defendants Town and Town officials have not raised the issue of

qualified immunity, except as to Fain , plaintiffs respectfully submit that none of the defendants is

entitled to any kind of immunity, especially since plaintiffs have clearly established clearly the numerous

rights that had been violated.

**Respectfully Submitted,**


_____    **S/ Alexandra T. Manbeck**

**Alexandra T. Manbeck**
**AM 9685**
**P.O. Box 449**
**Cross River, N.Y. 10518**
**(914) 763-2426**
**Attorney for Plaintiffs**

**Robert I. Goodman**
**RG 6697**
**6 Legendary Circle**
**Rye Brook, N.Y. 10573**
**(914) 935-0015**
**Attorney for Plaintiff Wendy Gennimi**

25

TABLE OF CONTENTS

PAGE

I - **DEFENDANTS MADE FRIVOLOUS ARGUMENTS**                          1

    **A- Filing date**                                               2

    **B- Service is timely pursuant to Rule 6(e)**                   3

    **C. Defendants' claim has no support in law or fact**          4


**II- PLAINTIFFS' MEMORANDUM OF LAW**

 **COMPORTS WITH THE COURT'S ORDERED PAGE LIMIT**                 6

**III- PLAINTIFFS' REPLY CONFORMS TO THE COURT ORDER**              8

**IV- DEFENDANTS' MOTION TO STRIKE TRAI CHAU'S AFFIDAVIT**          9

**VIOLATES LOCAL RULE 37.2 AND FRCP 26(2)(C)**

    **A- Mr. Chau as Fact Witness**                                 10

    **B. Mr. Chau's Disclosure as Expert Witness is Timely**        11

    **C- Mr. Chau's Report (Dkt #161) conforms with FRCP Rule 26(a)(2)**   13

    **D- Mr. Chau's Report is Critical to Plaintiffs' Case**        15

    **E. Preclusion Should be Denied because there is no Violation of Rule 26(a)**   16

    **F. Defendants have not been been prejudiced as their counsels have repeatedly failed to attend depositions of other fact witnesses**                          17


**V- AFFIRMATION OF PLAINTIFFS' COUNSEL ALEXANDRA MANBECK**

 **SHOULD BE ADMITTED**_____**19**


**VI- DEFENDANTS ARE PRECLUDED FROM RAISING NEW ISSUES IN THEIR REPLY**
                                                         22

**VII- DEFENDANTS' RULE 56.1 STATEMENT CONTAINS**

**MISSTATEMENTS OF MATERIAL FACTS**                    24


**CONCLUSION**                                          25

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
WENDY GENNIMI, JAY AND CAROL DURANTE,
PETER MANBECK, GEOFFREY SHAW,
DANIEL PRITCHARD, MARY CLARK,
DAVID OLTMAN, and
DAVID & LYNN GUTERMUTH

                        Plaintiffs,              :  Civil Action No.:

        v.                                       **05 cv 4576**
                                                 Honorable George Yanthis

TOWN OF LEWISBORO,    et al.,                    :
                        Defendants.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**NOTICE OF LODGMENT**


In connection with plaintiffs' Opposition to defendants' Motion to Strike, plaintiffs respectfully submit the following exhibits:


PS-1: *Abu-Nassar v. Elders Futures, Inc.*, 1994 WL 445638 (S.D.N.Y. 1994)


PS-2: *King v. Morris*, No. 86 Civ. 2829, 1991 WL 4462, at *2 (S.D.N.Y. 1991)


PS-3: *Kochisarli v. Tenoso*, No. 02-CV-4320, 2006 WL 721509 (E.D.N.Y. 2006)


PS-4: *McConnell v. Costigan*, 00CIV4598, 2002 WL 313528 (S.D.N.Y. 2002)


PS-5: *McGullam v. Cedar Graphics, Inc.*, 04 cv 2891, 2006 WL 1662651 (E.D.N.Y. 2006)


PS-6: *Silivanch v. Celebrity Cruises, Inc.*, No. 95 Civ 0374, 2000 WL 1585076 (S.D.N.Y. 2000)


PS-7: *Lore v. City of Syracuse*, No. 05-CV-1833, 2005 WL 3095506 (N.D.N.Y. 2005)


PS-8: *Babcock v. Rezak*, 96 CV 0394, 2002 WL 31654995 (W.D.N.Y. 2002)

PS-9: Chau Trai Report (9a,b,c,d)

PS-10: Chau Trai Curriculum Vitae

PS-11: Manbeck Letter to Judge Yanthis dated October 11, 2007

PS-12: Wendy Gennimi Affidavit dated October 29, 2007

PS-13: Paul Spletzer Deposition dated February 8, 2007

PS-14: *Farook v. Bailey*, No. 05 Civ. 3785, 2007 WL 2076764 (S.D.N.Y. 2007)

PS-15: Manbeck Affidavit dated October 31, 2007

PS-16: Defendants' Opening Memorandum of Law filed on August 31, 2007 (Dkt. No. 142)

PS-17: Excerpts of Herzog deposition dated February 7, 2007

PS-18: Randazzo letter to plaintiffs re Stipulation dated August 9, 2007

Dated: November 2, 2007

                                          Respectfully Submitted,

                                          S/Alexandra T. Manbeck

                                          Alexandra Manbeck
                                          Attorney for Plaintiffs